**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

BONNIE W. DAVID
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

Date Submitted: March 24, 2025
Date Decided: May 6, 2025

Sean J. Bellew, Esquire
Bellew LLC
2961 Centerville Road, Suite 302
Wilmington, DE 19808

William M. Lafferty, Esquire
Lauren K. Neal, Esquire
Morris, Nichols, Arsht, & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Trisha W. Hall, Esquire
Scott E. Swenson, Esquire
Jarrett W. Horowitz, Esquire
Connolly Gallagher LLP
1201 N. Market Street, 20th Floor
Wilmington, DE 19801

RE:   *Pimpaktra Rust v. Vina Elise Rust, et al.*,
       C.A. No. 2020-0762-BWD

Dear Counsel:

This letter resolves Plaintiff's (1) Motion for Rehearing Regarding Memorandum Opinion dated March 10, 2025 (the "First Motion") and (2) Motion for Rehearing Regarding Memorandum Opinion dated March 10, 2025 Granting the Bryn Mawr Trust Company's Motion to Dismiss (the "Second Motion"), both filed on March 17, 2025. *See* Dkt. 251 [hereinafter First Mot.]; Dkt. 252 [hereinafter Second Mot.].

"On a motion for reargument, the movant bears a heavy burden." *Biocomposites GmbH v. Artoss, Inc.*, 2024 WL 2151937, at *1 (Del. Ch. May 14, 2024) (quoting *Neurvana Med., LLC v. Balt USA, LLC*, 2019 WL 5092894, at *1 (Del. Ch. Oct. 10, 2019)). "To succeed and obtain reargument, the moving party must demonstrate that the Court's decision was predicated upon a misunderstanding of a material fact or a misapplication of the law." *Fisk Ventures, LLC v. Segal*, 2008 WL 2721743, at *1 (Del. Ch. July 3, 2008) (internal quotations omitted) (quoting *Forsyth v. ESC Mgmt. Co. (U.S.), Inc.*, 2007 WL 3262205, at *1 (Del. Ch. Oct. 31, 2007)), *aff'd*, 2009 WL 3338094 (Del. 2009) (TABLE).

Both the First Motion and the Second Motion fail because "all the points of law raised, and the facts alleged, in [those motions] were already argued and rejected in the [Court's prior rulings], or were not raised before the [rulings] issued, and are thus waived." *Rust v. Rust*, 2023 WL 3476501, at *1 (Del. Ch. May 16, 2023). For example, the First Motion argues:

- The Court misunderstood that "[t]he ownership of Grimshawes as it relates to Richard's North Carolina Will and the North Carolina Trust governing property located in North Carolina was determined in 2023 to be owned by the Marital Trust for the benefit of Amy Chase" and "[Plaintiff] never agreed to trade her present and future interest in Grimshawes." First Mot. at 5–6. The Court found otherwise. *Rust v. Rust*, 2025 WL 747898, at *4 n.6 (Del. Ch. Mar. 10, 2025) (explaining Plaintiff's argument that, "because Grimshawes is subject to a marital trust, the parties could not have agreed to the transfer of that property in the MOS[,] . . . fails because [Plaintiff] offers

no explanation for why she could not renounce her remainder interest in the property").

- The Court should have held an evidentiary hearing on ownership of Grimshawes. First Mot. at 5–6. Plaintiff has repeatedly raised, and the Court has repeatedly rejected, that argument. *See, e.g.*, Tr. of 2-20-2025 Oral Arg. on Def.'s Mot. to Dismiss 74:8–85:10, Dkt. 246; *Rust*, 2025 WL 747898, at *4 ("The plain terms of the MOS resolve ownership of Grimshawes."); *see also* Letter to V.C. Glasscock from Sean J. Bellew dated Feb. 9, 2024, Dkt. 213 (arguing that the Court should hold an evidentiary hearing regarding Grimshawes).

- The "Court misunderstood a June 2020 Trustee Agreement as having redefined what is TPP in the MOS, and as overriding the parties' adherence to the trustor's intent." First Mot. at 10. The Court has already addressed this argument. *Rust*, 2025 WL 747898, at *6 (explaining that regardless of whether "the Court looks only to the unambiguous terms of the MOS" or "to past agreements . . . the result is the same—the disputed items are tangible personal property under the MOS").

The Second Motion argues:

- The Court "misunderstood" allegations that "constitute facts" in Plaintiff's complaint. *See* Second Mot. at 3–6. The Court did not overlook any allegations in the complaint. *See Rust*, 2025 WL 752325, at *5–6 (summarizing allegations of the complaint). The Second Motion fails to acknowledge that the Court will not "accept every strained interpretation of the allegations, credit conclusory allegations that are not supported by specific facts, or draw unreasonable inferences in the plaintiff's favor." *Deutsche Bank AG v. Devon Park Bioventures, L.P.*, 2025 WL 330770, at *8 (Del. Ch. Jan. 29, 2025) (quoting *City of Fort Myers Gen. Emps.' Pension Fund v. Haley*, 235 A.3d 702, 716 (Del. 2020)).

- The Court was incorrect when it stated that Plaintiff "makes no effort to explain whether or how Bryn Mawr failed to act carefully or loyally in carrying out its responsibilities." Second Mot. at 7. It was not.

- "This Court' [sic] misunderstands the allegations related to [Plaintiff]'s claims by contending that [Plaintiff] does not allege how Bryn Mawr failed to follow the trust's terms." *Id.* The Court did not misunderstand Plaintiff's allegations. It explained that "[Plaintiff] contends that Article Fourth(B)(3) requires the Trustee to distribute assets 'free of trust,' but does not allege that the membership interests are held in 'trust,' only that they are held by a limited liability company." *Rust*, 2025 WL 752325, at *6 n.6. It then explained that, "[t]o the contrary, Bryn Mawr complied with the plain language of Article Fourth(B)(3) of the Trust Agreement by attempting to distribute the Trust's only assets—cash, marketable securities, and membership interests in the LLC—to the Trust's beneficiaries upon Richard's death." *Id.* at *6.

- "This Court misunderstands the facts that [Plaintiff] has not received her trust distribution and that Bryn Mawr knew the trustor placed his real estate into the trust to be held and distributed to [Plaintiff]." Second Mot. at 9. Again, the Court did not misunderstand those allegations. *See Rust*, 2025 WL 752325, at *1 (acknowledging that "the plaintiff here[] asserts that the settlor intended for the real property formerly held in the trust to be distributed to the sisters directly upon their father's death"); *id.* *6 ("[Plaintiff]'s primary argument is that Bryn Mawr breached its fiduciary duties when it failed to realize the settlor's intent by distributing a direct interest in the real property held by Goodenow, and instead asked the beneficiaries to accept membership interests in the LLC.").

- "By not taking all allegations as true, this Court seems to have misunderstood that Bryn Mawr had multiple options to deliver to [Plaintiff] her trust property interests unbound by the LLC Agreement, and was not 'required' to distribute trust property bound by the LLC Agreement." Second Mot. at 11. Again, the Court did not misunderstand Plaintiff's position, but explained that "Bryn Mawr complied with the plain language of Article Fourth(B)(3) of the Trust Agreement by attempting to distribute the Trust's only assets—cash, marketable securities, and membership interests in the LLC—to the Trust's beneficiaries upon Richard's death." *Rust*, 2025 WL 752325, at *6. And the Court further explained that Plaintiff's allegation that Bryn Mawr breached its fiduciary duties failed because "[Plaintiff] fails to explain how Bryn Mawr breached either a duty of care or loyalty in dealing with Vina and Anissa." *Id.*

Accordingly, the Motions are denied. As this Court has repeatedly advised,

"[a]ny remedy must be via appeal." *Rust*, 2023 WL 3476501, at *1.

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Vice Chancellor

cc:    All counsel of record (by File & ServeXpress)